UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL A. STORMS,<br><br>            Plaintiff,<br><br>   v.<br><br>CITY OF CLARKSTON, PAUL PURCELL, MICHAEL BABINO, and DOES 1-5,<br><br>            Defendants. | NO:  2:14-CV-0254-TOR<br><br>PROTECTIVE ORDER |

BEFORE THE COURT is the parties' stipulated protective order (ECF No. 11). The matter was submitted for consideration without oral argument. The Court has reviewed the motion and the file therein and is fully informed. For good cause shown, the parties' stipulated protective order is granted.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. The personnel records, employment records, hiring files, administrative files, training records, and/or internal affairs reports and/or investigations, financial and tax records, of City of Clarkston, Paul Purcell, and

PROTECTIVE ORDER ~ 1

Michael Babino, (herein "Records"), are "Confidential Matter" and shall be protected in the manner set forth herein.  Plaintiff's medical, school and employment records are also Confidential Matter and shall be protected in the manner set forth herein.  Confidential Matter shall be produced and used solely for the purposes of this litigation and shall not be disclosed, except pursuant to court order, to anyone except:

    a.    The party(ies), their attorneys and the attorney's employees;

    b.    Consultants and experts retained by any party for the purposes of assisting in the preparation or presentation of claims or defenses;

    c.    Any other person with prior written consent of the party producing the documents.

    d.    When necessary, to court officials involved in this litigation (including without limitation court reporters and persons operating video recording equipment at depositions).

    2.    All of the foregoing persons, other than the parties' attorneys and their employees, shall be shown a copy of this order and shall sign it or otherwise signify in writing prior to being shown confidential documents that the person has read the order and consents to be bound by its terms.  Attached hereto as Exhibit A is a sample copy of a consent form.  To the extent that persons not listed above are

PROTECTIVE ORDER ~ 2

to view Confidential Matter, a specific application for court approval or a Stipulation of the parties shall be required.

3. Subject to the Federal Rules of Evidence and applicable Civil and Local Rules and any further Orders of the Court, Confidential Matter may be filed and offered in evidence at any court hearing with appropriate redactions agreed upon by the parties. Any party may move the Court for an Order that the Confidential Matter be filed under seal to prevent unnecessary disclosure if an agreement by the parties as to appropriate redactions cannot be reached.

4. Review of Confidential Matter by counsel, experts, or consultants for the litigants shall not waive the confidentiality of the information or objections to production. Nor shall the inadvertent, unintentional, or in-camera disclosure of Confidential Matter under any circumstances be deemed a waiver, in whole or in part, of any parties' claims of confidentiality.

5. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy or admissibility of the Confidential Matter.

6. All documents produced by defendants or plaintiff bearing the social security, dates of birth, bank account identifications, financial information, and driver's license of any individual, or a third party, shall be redacted prior to providing a copy of the same to Plaintiff's or Defendants' counsel.

7. Defense counsel shall not directly or indirectly attempt to obtain medical records of this plaintiff without the consent of plaintiff or subpoena and notice pursuant to the Civil Rules.

8. Defense counsel shall not directly or indirectly communicate with any of plaintiff's health care providers without a deposition and notice to plaintiff's counsel or further written stipulation except to the extent necessary to obtain the records requested.

9. All correspondence relating to the securing of plaintiff's records by defense counsel shall be signed by an attorney and a copy contemporaneously provided to plaintiff's counsel.

10. Upon conclusion of this case after all appeal time periods have expired and all avenues of appeals exhausted, the Confidential Matter produced by Plaintiff, and all copies thereof, including all copies obtained before the litigation commenced and all copies provided to expert witnesses and clients, shall be returned to plaintiff's counsel or destroyed.  Defendants and their counsel agree that no summaries of any medical records of plaintiff shall in any way be provided electronically to any outside agency for retention in a database.

11. Upon conclusion of this case after all appeal time periods have expired and all avenues of appeals exhausted, all Confidential Material produced

PROTECTIVE ORDER ~ 4

by Defendants shall be destroyed or returned to Defense counsel.  This is to include all copies reproduced by any party, agent, employee or expert of Plaintiff.

12. No documents or information from the Confidential Matter shall be used for any purpose unrelated to the conduct of this litigation.

13. Nothing contained herein shall be construed to prejudice or limit any party's right to use the Confidential Matter in taking of depositions or at trial to the extent permitted, if at all, under the Rules of Evidence and Civil Procedure.

14. Nothing in this order shall prevent any party hereto from seeking modification of this order or from objecting to discovery which it believes to be otherwise improper.

15. Violation of the terms of this Order, by any of the signators to this agreement, their employees, agents or experts may be subject the violator to terms (monetary and/or injunctive) as well as attorney's fees and costs incurred in enforcing this Order and as the Court deems appropriate.

The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** June 12, 2015.



THOMAS O. RICE
United States District Judge

PROTECTIVE ORDER ~ 5